{¶ 1} The majority dismisses Krupa's appeal pursuant to R.C.2953.08(D). That statute provides that an offender cannot appeal a sentence which is authorized by law, jointly recommended by the defendant and prosecution, and imposed by a sentencing judge. The plea agreement Krupa entered into contained a promise by the State to recommend a total sentence of five years. But Krupa did not join in that recommendation either in his plea agreement or at his sentencing hearing. As a result, Krupa's sentence was not jointly recommended by both he and the State. Accordingly, I cannot agree with the majority's decision to dismiss this appeal.
 {¶ 2} As the majority states, Krupa was initially indicted on four counts, two of attempted murder and two of felonious assault, and each count contained a firearm specification. Subsequently, Krupa entered into a plea agreement where he agreed to plea guilty to two counts of aggravated assault, each with a firearm specification. His plea agreement stated that no one made any promises to him as part of the agreement except as follows:
 {¶ 3} "State will recommend total five years incarceration including gun specification."
 {¶ 4} During Krupa's plea hearing, the trial court confirmed that all parties knew and understood the agreement. While doing so, it made the following statement:
 {¶ 5} "Just so we're certain, the record will reflect that the State will recommend a total of five years' incarceration, including the gun specification * * *. The record will reflect that this is the agreement of the parties."
 {¶ 6} Finally, prior to Krupa's sentencing hearing, he and five acquaintances all wrote to the trial court regarding the leniency the trial court should exercise when sentencing Krupa. Krupa also had two additional witnesses testify on his behalf at his sentencing hearing.
 {¶ 7} The disagreement between myself and the majority in this case revolves around what exactly constitutes a sentence which is jointly recommended by the prosecution and the defense for the purposes of R.C.2953.08(D). I believe that in order for a sentence recommendation to be a joint recommendation, that the defendant's actions must demonstrate that he agrees with the recommendation. Many times this will be evidenced by the defendant's statement to the court that he is agreeing with the State's sentence recommendation. See State v. McCladdie, 8th Dist. No. 81387, 2003-Ohio-1726; State v. Walls, 6th Dist. No. E-01-021,2002-Ohio-3578,; State v. Johnson (Dec. 21, 2001), 2nd Dist. No. 2000-CA-46; State v. Daniels (Dec. 21, 2001), 1st Dist. Nos. C-010070 and C-010087; State v. Bechstein (Mar. 23, 2001), 3rd Dist. No. 16-2000-14.
 {¶ 8} But cases have also recognized that a sentence recommendation can be made jointly under different circumstances. For instance, many cases have called a sentence recommendation a joint recommendation when the prosecutor promises to recommend a particular sentence as a condition of the plea and the defendant accepts the plea. See State v. Schoolcraft, 4th Dist. No. 01CA673, 2002-Ohio-3583; Statev. Sumes (Apr. 1, 2002), 5th Dist. No. 2001CA00196; State v. Riley (June 12, 2001), 00CA044; State v. Rogg (Mar. 13, 2001), 4th Dist. No. 00CA07;State v. Ruggles (Sept.11, 2000), 12th Dist. No. CA99-09-027.
 {¶ 9} Our previous decision in State v. Rhodes, 7th Dist. No. 2000 CO 60, 2002-Ohio-3056, falls into this second category of cases. InRhodes, the defendant entered into a plea agreement wherein the State promised to recommend a particular sentence. At the defendant's plea hearing which occurred later that day, the defendant waived certain provisions of the plea agreement and requested that the court proceed immediately to sentencing. We found the sentence in his case was jointly recommended.
 {¶ 10} What distinguishes all these cases from the case at hand is that in those cases the defendant's actions demonstrated that he agreed with the recommendation. There is no indication in any of those cases that the defendant requested a lower sentence at his sentencing hearing or put on evidence which asked for any sort of leniency. In contrast the facts in this case demonstrate that as a practical matter Krupa did not agree to concur in the State's sentence recommendation when he agreed to plea guilty to aggravated assault. His plea agreement did not contain a provision stating that he was agreeing to the State's sentence recommendation. At his plea hearing, he did not agree to the State's sentence recommendation. Instead, he agreed that, as a condition of his plea, the prosecutor would recommend a sentence. Finally, at his sentencing hearing Krupa introduced numerous letters and witnesses testifying on his behalf. It does not make sense to say that he joined in the State's sentencing recommendation.
 {¶ 11} This is clearer when one keeps in mind that a plea agreement is contractual in nature and is subject to contract-law standards, but that it should be construed strictly against the government. State v. Namack, 7th Dist. No. 01 BA 46, 2002-Ohio-5187, ¶ 25. In order for a contract to exist, there must be a meeting of the minds as to the essential terms of the agreement. Campanella v.Commerce Exchange Bank (2000), 139 Ohio App.3d 796, 806. "An essential element needed to form a contract is that the parties must have a distinct and common intention which is communicated by each party to the other." McCarthy, Lebit, Crystal Haiman Co., L.P.A. v. First UnionMgt., Inc. (1993), 87 Ohio App.3d 613, 620. Clearly, Krupa did not understand that he was recommending a sentence when he agreed that the State would recommend a particular sentence in his plea agreement, as he put on a case for a lenient sentence. If he agreed to a five-year sentence, why put on this evidence? Krupa's actions demonstrate he did not join in the State's recommendation, and I cannot conclude that the plea agreement unambiguously says otherwise.
 {¶ 12} When determining whether a sentence is jointly recommended, "we cannot infer an agreement — it must be beyond doubt." Daniels at 4. Inferring a jointly recommended sentence in this case infers an agreement where none existed and it denies Krupa the ability to avail himself of the protections afforded by Ohio's felony sentencing laws. Because R.C. 2953.08(D) only applies when a sentence is jointly recommended, I cannot agree with the majority's application of that statute in this case and would address the merits of his appeal.